18287—City of Lakewood v. the Public Utilities Commission of Ohio; error to the Public Utilities Commission. Dismissed for want of jurisdiction, no application for rehearing having been filed before the Public Utilities Commission. Marshall, C. J., Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

### MOTION DOCKET

18277—Joseph F. Knott et al v. the Moore Lamb Construction Co. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Sustained.

18286—State of Ohio v. George J. J. McKay. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled.

For abstract of this case see 2 Abs. 170.

18289—The Pennsylvania R. R. Co. v. Elizabeth May Elliott. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Overruled.

18303—Ella Jones v. Village of Girard. Motion for an order directing the Court of Appeals of Trumbull county to certify its record. Sustained.

18315—L. V. Fritz et al v. Jacob H. Frietzer, Exr. Motion for an order directing the Court of Appeals of Preble county to certify its record. Overruled.

18322—Lucy Columber v. Wm. H. Maddex et al. Motion for an order directing the Court of Appeals of Hardin county to certify its record. Sustained.

## OFFICIAL SYLLABI OF GENERAL DOCKET CASES DECIDED LAST WEEK

Opinions in these cases will appear in the Abstract at the earliest day following their receipt.

No. 17952—Charles Schwindt et al v. William Graeff et al. Error to the Court of Appeals of Tuscarawas county.

**683. JURY—Verdict of not to be impeached by evidence of jurymen.**

ROBINSON, J.

The rule that the verdict of a jury may not be impeached by the evidence of a member of the jury is a common law rule founded upon public policy, and not upon the doctrine of estoppel, and the fact that a juror offering such impeaching evidence did not join in the verdict, does not exempt such evidence from the operation of the rule. The legislature and not the court are empowered to modify or abrogate the rule.

Judgment affirmed.

Jones, Matthias and Day, JJ., concur. Marshall, C. J., Wanamaker and Allen, JJ., dissent.

---

No. 17946—Russell Miller v. C. B. Blockberger et al. Error to the Court of Appeals of Van Wert county.

**297. CONTRACTS—Question as to whether stipulated sum for breach is liquidated damages or a penalty, determined how—Rules for construing such contracts—Difficulty in ascertainment—Several covenants.**

ROBINSON, J.

1. In determining whether the sum provided in a contract to be paid in the event of its breach is liquidated damages, or a penalty, a court will construe the contract by its four corners in the light of the situation of the parties at the time of the execution of the contract, and from that position will determine whether the damages which would be sustained by reason of the breach could, at the time of the execution of the contract, by the process of computation and adjustment, have been easily and approximately ascertained; and, in determining whether they were so ascertained, will compare the amount stipulated with the amount of damages which would probably result from the breach, and if there is such discrepancy between the sum stipulated and the damages which would probably and naturally result from the breach as to indicate that the sum stipulated could not have been arrived at by a process of computation and adjustment, or if arrived at by process of computation and adjustment such process did not have for its purpose compensation, but was arrived at for some purpose other than compensation, the sum stipulated will be held to be penalty rather than liquidated damages.

2. Where the parties to the contract, having in mind the damage which will be occasioned by its breach, compute or estimate that damage and contract with reference thereto, and the sum stipulated bears a reasonable proportion to the damage, such stipulated sum will be considered as liquidated damages.

3. Where the damage which would result from a breach would be difficult of ascertain-

ment in advance, or difficult of proof after the breach, and the parties to the contract, for the purpose of fixing the compensation which would be due the party complying from the party in default, stipulate the amount, and the sum is not unreasonable or unconscionable, the stipulated sum will be construed as liquidated damages.

4. Where a contract contains several covenants, and the stipulated forfeiture is applicable alike to each covenant, and would become due on the breach of a single covenant, and is clearly a penalty as to any one covenant, it will be held a penalty as to all covenants.

Judgment affirmed.

Marshall, C. J., Day and Allen, JJ., concur.